**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

**MARQUITA J. PASCAL,**

**Plaintiff,**

**v.**

**V.I. GOVERNMENT HOSPITALS AND HEALTH FACILITIES CORPORATION, *et al.*,**

**Defendants.**

**Case No. 3:19-cv-0079**

**ORDER**

**BEFORE THE COURT** is the Report and Recommendation of the Magistrate Judge. (ECF No. 5.) The Magistrate Judge recommends that Plaintiff Marquita J. Pascal's ("Pascal") Title VII sex discrimination and hostile work environment claims be dismissed without prejudice for failure state a claim. The Magistrate Judge further recommends that Defendants Catherine Lake-Lloyd ("Lake-Lloyd"), Marcella Davies ("Davies"), Darice Plaskett ("Plaskett"), Bernard A. Wheatley ("Wheatley"), and Tina Comissiong-Dickson ("Comissiong-Dickson") be dismissed as improperly-named defendants. Moreover, the Magistrate Judge recommends that any claims for punitive damages against the Virgin Islands Government Hospitals and Health Facilities Corporation be dismissed. For the reasons discussed below, the Court will adopt the Report and Recommendation.

**I. FACTUAL AND PROCEDURAL HISTORY.**

On September 19, 2021, Pascal, proceeding *pro se*, filed a complaint against Schneider Regional Medical Center, *et al.*, alleging employment discrimination on the basis of sex under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 20003 *et seq.* In her complaint, Pascal alleges a "Hostile Work Environment," "Unequal terms and conditions of [her] employment compared to similarly-situated employees," "Retaliation," and "Termination of [her] employment" as discriminatory acts forming the basis of her claim. (ECF No. 1 at 3.) Pascal asserts that she was "constantly being assigned larger bedridden patients . . . sometimes handling up to 11 patients daily[,] . . . exceed[ing] the standard 4-5 patients." *Id.* at 8, ¶ 2. Further, Pascal argues that her supervisor filed a notice of intent to terminate "with appraisal

for excessive absenteeism" when the supervisor learned Pascal was on "doctor appointed leave of absence stemming from respiratory attacks." *Id.* ¶ 5. Pascal seeks $500,000 in monetary damages, costs, and fees incurred in litigating the claim, redaction of the words "Termination" and "Termination for Poor Performance" from her work history, and such other relief as may be appropriate. *Id.* at 5.

On September 16, 2021, the Magistrate Judge entered a Report and Recommendation recommending that the Court dismiss without prejudice Pascal's Title VII sex discrimination and hostile work environment claims for failure to state a claim; dismiss Lake-Lloyd , Davies, Plaskett, Wheatley, and Comissiong-Dickson as improperly-named defendants; and dismiss the claim to the extent Pascal seeks punitive damages. On September 17, 2021, a copy of the Report and Recommendation was sent to Pascal by certified mail. *See* Hard Copy Notice docketed on September 17, 2021.

## II. DISCUSSION

Litigants may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). When a party is served by mail pursuant to Fed. R. Civ. P. 5(b)(2)(C) ("A paper is served under this rule by . . . mailing it to the person's last known address—in which event service is complete upon mailing"), the 14-day time period within which a party may object to a magistrate judge's report and recommendation is extended to 17 days. *See* Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."); *see also Pearson v. Prison Health Serv.*, 519 F. App'x 79, 81 (3d Cir. 2013) (explaining that when a party is served with a report and recommendation by mail, the period to file objections is 17 days). The time within which a party may make objections may be extended by the Court upon a timely motion for an extension of time demonstrating good cause for the extension. *See* Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified

time, the court may, for good cause, extend that time . . . if a request is made, before the original time . . . expires.”).

When a magistrate judge issues a report and recommendation, the Court is required to review *de novo* only those portions of the report and recommendation to which a party has objected. *See* Fed. R. Civ. P. 72(b)(3). When no objection to a magistrate’s report and recommendation is made, or such an objection is untimely, the district court reviews the report and recommendation for plain error. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (“While . . . [28 U.S.C. § 636(b)(1)] may not require, in the absence of objections, the district court to review the magistrate’s report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report.”); *see also Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) *aff'd*, 276 Fed. App'x 125 (3d Cir. 2008) (explaining that, by failing to object to a portion of a report and recommendation, the litigant “waived its right to have this Court conduct a *de novo* review,” and that in those circumstances, “the scope of [the court’s] review is far more limited and is conducted under the far more deferential standard of ‘plain error’ ”).

Here, the Court served Pascal with a copy of the report and recommendation by mail on September 17, 2021. *See* Hard Copy Notice filed on September 17, 2021. As such, the deadline for Pascal to file objections to the September 16, 2021 Report and Recommendation was October 4, 2021. Pascal has not filed any objections. Accordingly, the Court will review the Report and Recommendation for plain error.

To reject or modify a report and recommendation under plain error review, a district court must find “an ‘error’ that is ‘plain’ and that ‘affects substantial rights.’” *United States v. Russell*, 134 F.3d 171, 181 (3d Cir. 1998) (quoting *United States v. Retos*, 25 F.3d 1220, 1228 (3d Cir. 1994)). “A ‘plain’ error is one that is ‘clear’ or ‘obvious.’ ” *Gov’t of Virgin Islands v. Lewis*, 620 F.3d 359, 364, 54 V.I. 882 (3d Cir. 2010) (quoting *United States v. Turcks*, 41 F.3d 893, 897 (3d Cir. 1994)).

Reviewing the record in this case and the September 16, 2021 Report and Recommendation for plain error, the Court finds no error, let alone plain error. For the

following reasons, the Court will adopt the September 16, 2021 Report and Recommendation.

Significantly, under Title VII of the Civil Rights Act of 1964 ("Title VII" or the "Act"), a plaintiff must show that, "under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill [the plaintiff's] position." *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003). Pascal alleges no facts regarding the individuals the hospital sought to replace her. As such, Pascal failed to allege facts sufficient for the Court to draw an inference of sex discrimination. Likewise, although Pascal alleges mistreatment by the hospital, she failed to allege facts sufficient to establish that the treatment was on account of her gender. Consequently, the sex discrimination and hostile work environment claims will be dismissed without prejudice for failure to state a claim.

As to the named defendants, Title VII permits suit against only an "employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 2000e-5(b). Additionally, under federal law a plaintiff may not recover punitive damages against "a government, government agency or political subdivision." 42 U.S.C. § 1981a(b)(1).

Here, Pascal has filed suit against individual defendants Lake-Lloyd, Davies, Plaskett, Wheatley, and Comissiong-Dickson, in addition to Schneider Regional Medical Center (the "Hospital"). Because the Act does not allow actions against individuals, the Court will dismiss the action against the individual named defendants. Moreover, the Virgin Islands Government Hospitals and Health Facilities Corporation (the "Government Corporation"), "a public entity of the Government of the Virgin Islands," 19 V.I.C. § 245, has jurisdiction over Schneider Regional Medical Center. It is therefore the properly named defendant in a suit against the Hospital, but any claims for punitive damages against the Government Corporation will be dismissed pursuant to 42 U.S.C. § 1981a(b)(1).

The premises considered, it is hereby

**ORDERED** that the September 16, 2021 Report and Recommendation, ECF No. 5, is **ADOPTED**; it is further

**ORDERED** that Marquita Pascal's Title VII sex discrimination and hostile work environment claims be **DISMISSED without prejudice** for failure to state a claim; it is further

**ORDERED** that Defendants Catherine Lake-Lloyd, Marcella Davies, Darice Plaskett, Bernard A. Wheatley, and Tina Comissiong-Dickson be **DISMISSED** from the action as improperly named defendants; and it is further

**ORDERED** that any claims against the V.I. Government Hospitals and Health Facilities Corporation for punitive damages be **DISMISSED**.

**Dated:** September 28, 2022

/s/__________________________
**ROBERT A. MOLLOY**
**Chief Judge**